UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 8:11-CR-00196-T-30TBM

MARINO PORTOCARRERO GONZALEZ

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, Marino Portocarrero Gonzalez, and the attorney for the defendant, Pedro L. Amador, Jr., mutually agree as follows:

A.      **Particularized Terms**

1.      Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a), and 70506(b); and 21 U.S.C. § 960(b)(1)(B)(ii).

2.      Minimum and Maximum Penalties

Based on the filing of a notice of enhanced penalties pursuant to Title 21, United States Code, Sections 851 and 962, Count One is punishable by a mandatory minimum term of imprisonment of twenty (20) years up to life imprisonment, a fine of

Defendant's Initials _P M_                          AF Approval _ame_

$20,000,000, a term of supervised release of at least ten (10) years, and a special assessment of $100.00, said special assessment to be due on the date of sentencing.

     3.    Under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), a maximum sentence of life imprisonment may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty:

     The defendant participated in an unlawful agreement to possess with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States.

     4.    <u>Elements of the Offense(s)</u>

     The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

     <u>First</u>:    That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment; and

     <u>Second</u>:    That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

     5.    <u>Counts Dismissed</u>

     At the time of sentencing, the remaining count against the defendant, Count Two of the Indictment, will be dismissed pursuant to pursuant to Fed. R. Crim. P. 11(c)(1)(A).

     6.    <u>No Further Charges</u>

     If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing

Defendant's Initials _____         2

any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

    7.    <u>Guidelines Sentence</u>

    Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

    8.    <u>Acceptance of Responsibility - Three Levels</u>

    At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

    Further, at the time of sentencing, if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant

Defendant's Initials _P M_        3

understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.      Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.  If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the

Defendant's Initials _P M_                    4

United States Attorney for the Middle District of Florida, warranting the filing of a motion

for a reduction of sentence within one year of the imposition of sentence pursuant to

Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination

as to whether "substantial assistance" has been provided or what type of motion related

thereto will be filed, if any, rests solely with the United States Attorney for the Middle

District of Florida, and the defendant agrees that defendant cannot and will not

challenge that determination, whether by appeal, collateral attack, or otherwise.

10.   Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-

incriminating information which the defendant may provide during the course of

defendant's cooperation and pursuant to this agreement shall be used in determining

the applicable sentencing guideline range, subject to the restrictions and limitations set

forth in USSG §1B1.8(b).

11.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and

voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

pursuant to 46 U.S.C. § 70507, 21 U.S.C. § 881(a) and 28 U.S.C. § 2461(c), whether in

the possession or control of the United States or in the possession or control of the

defendant or defendant's nominees.  The defendant agrees and consents to the

forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative

forfeiture action.  The defendant also hereby agrees that the forfeiture described herein

is not excessive and, in any event, the defendant waives any constitutional claims that

the defendant may have that the forfeiture constitutes an excessive fine.

Defendant's Initials _P_M_                    5

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing.  To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located.  The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

Defendant's Initials _P M_                    6

The defendant agrees that the United States is not limited to forfeiture of the property described above.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

**B.**     **Standard Terms and Conditions**

1.     Special Assessment and Fine

On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _P M_                7

2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition.  The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations

Defendant's Initials                 8

to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

    4.    <u>Sentencing Recommendations</u>

        It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

    5.    Defendant's Waiver of Right to Appeal
          <u>and Right to Collaterally Challenge the Sentence</u>

        The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the

Defendant's Initials _P̸M̸_         9

ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6.      <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

7.      <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8.      <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and

Defendant's Initials  _PM_                    10

defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _PM_                    11

9.     <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty.  The

defendant certifies that defendant does hereby admit that the facts set forth below are

true, and were this case to go to trial, the United States would be able to prove those

specific facts and others beyond a reasonable doubt:

<u>FACTS</u>

On or about April 3, 2011, the defendant, Marino Portocarrero Gonzalez, along

with three co-defendants, was aboard a vessel encountered by U.S. Coast Guard cutter

SHERMAN approximately three hundred (300) nautical miles southwest of the Costa

Rican coast in international waters of the eastern Pacific Ocean.  Coast Guard

personnel aboard the SHERMAN spotted the vessel and recognized it as a

self-propelled semi-submersible (SPSS) vessel because of its color, low hull profile, and

configuration.  The vessel was not flying a flag, did not carry valid registration

documents, nor did it display a name, registration number, or homeport.  The

defendant, Marino Portocarrero Gonzalez, along with his three co-defendants, emerged

from the SPSS, which sank within minutes of the SHERMAN's arrival on the scene.

The crew of the SHERMAN recovered the four defendants from the water.  One

of the defendants made a verbal claim of Colombian nationality for the SPSS.  The

Coast Guard contacted the government of Colombia, which could neither confirm or

deny the nationality of the SPSS.  The Coast Guard then declared the SPSS to be a

stateless vessel subject to the jurisdiction of the United States.

Defendant's Initials _____                    12

Debris and bales of cocaine floated to the water's surface near the sunken SPSS, and the crew of the SHERMAN was able to recover five (5) of the bales. Testing later identified the substance contained in the bales as cocaine, a Schedule II controlled substance. The Coast Guard recovered ninety-three (93) kilograms of cocaine from the recovered bales. The packaging of the bales was typical of narcotics packaged for at-sea transport and later distribution.

The defendant, along with his co-defendants, was later transferred to the United States, first arriving at a place in the Middle District of Florida.

In a post-<u>Miranda</u> statement, the defendant admitted to his involvement in the SPSS venture with his co-defendants, that the venture was for the purpose of transporting cocaine, and that the defendant received advanced payment for his participation and expected additional payment on completion of the venture.

10.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _P M_                    13

11.    <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this ___13___ day of _____MAY_____, 2011.

ROBERT E. O'NEILL
United States Attorney

_____          By: _____
MARINO PORTOCARRERO GONZALEZ                 AUSTIN SHUTT
Defendant                                    Special Assistant United States Attorney


_____          _____
PEDRO L. AMADOR, JR.                          JOSEPH K. RUDDY
Attorney for Defendant                        Assistant United States Attorney
                                              Chief, Narcotics Section